Benjamin Brenner, J.
The ground stated by defendant in support of her motion to strike the cause from the calendar is that she “ is desirous of examining plaintiff before trial.” There is no such ground to be found in the readiness rule for striking a cause. Nor are the cited cases authority for the defendant’s assertion that so long as the motion to strike is timely made pursuant to the rule it follows automatically that the defendant will be granted an examination before trial (regardless of her laches or dilatory tactics). This sort of argument would defeat the whole purpose of the rule which contemplates the filing of the statement of readiness after both parties have had adequate time to complete their respective preparations for trial. The defendant is not entitled to the relief requested because of her failure to move expeditiously for an examination, a year and one half having elapsed since joinder of issue and some eight months having gone by since she received plaintiff’s bill of particulars. (Breitbart v. Gerber, 14 Misc 2d 293; Ehlin v. Piccola, 14 Misc 2d 251.)
This opinion might well end here except for an interesting statement made in the moving papers in this and other similar *350 motions made in behalf of several defendants by the attorney representing a mutual insurance company. It is as follows: “ The defendant cannot in this instance be deemed guilty of laches in requesting an examination before trial at this time. It is not the duty of the defendant to prosecute an action for the plaintiff. It would be unjust to require the defendant to request examinations before trial prior to its knowing whether or not the attorney for the plaintiff is going to pursue his action. Too many actions are either discontinued by plaintiffs voluntarily or are permitted to" lapse. Thus, not until the attorney for the plaintiff requests either an examination before trial or, in the alternative, places his case on the calendar, is the attorney for the defendant aware of whether or not this action will be pressed.”
This reasoning is quite faulty and may well be turned against the defendant by a plaintiff who similarly has no duty to perfect a defense. Certainly the plaintiff is no more aware of the defendant’s purpose to pursue a defense than is the defendant aware of plaintiff’s purpose to continue prosecution of his cause. Undoubtedly, many plaintiffs discontinue their actions or otherwise voluntarily permit them to lapse. On the other hand, many actions are expeditiously settled by defendants soon after they are commenced. Apparently this particular attorney urges a practice which the insurance company whom he represents would like to have prevail, namely, to force payment of the fees which must accompany a notice of trial before seriously considering settlement or engaging sufficient help to prepare a defense. To condone this sort of practice and one-sided advantage would be manifestly unfair and contrary to the objective of the readiness rule which is to prevent cluttering of the Trial Calendar with unprepared or readily disposable issues.
Motion denied. Submit order.