Benjamin Brenner, J.
Subdivision (5) of the Special Readiness Rule of the Second Department, which provides that a party may move within 20 days after the filing of a statement of readiness to strike a cause from the calendar, does not mandate that upon such motion a cause must be stricken. The defendant’s attorney persistently argues that so long as a defendant has not completed any one of the preliminary proceedings the action is not ready for trial and must automatically be stricken on motion.
The argument is answered by the very words of the rule which provides in paragraph (a) of subdivision (3) that the statement of readiness may be filed “ if such proceedings have not been completed, either that there has been a reasonable opportunity to complete them or that the parties do not intend to conduct them” (emphasis supplied). This provision obviates the very thing which this defendant erroneously urges, namely, that either a plaintiff must wait indefinitely before placing this cause on the calendar (as defendant maintains *784 that he is under no obligation to proceed with ah examination before the cause is on the calendar) or that plaintiff must place his action on the calendar and then wait for the defendant to decide whether to move to strike it. Such a procedure, while undoubtedly desirable by the defendant, cannot be adopted since it would penalize plaintiffs in order to assist defendants in their office practice.
The attorney makes what he believes to be a concession. He states that he is not actually interested in having the action struck from the calendar but wishes only to preserve his right to examine. He suggests, as an alternative to the cause being stricken, that the defendant be given one month’s notice prior to placing the action on the calendar, so that he may have an opportunity to request an examination if he desires so to do. The suggestion is unique but plainly unauthorized by any rule of law.
None of the cases cited by defendant supports his position. In Ossad v. 125 East Broadway Corp. (6 A D 2d 827) the Appellate Division, Second Department, indicated that, where a previous motion to strike had been denied without prejudice to the independent determination of a defendant’s right to examine, a subsequent vacating of the defendant’s notice to examine was improper. This, obviously, cannot mean that in every case the defendant has an absolute right to an examination before trial. In Price v. Brody (7 A D 2d 204) the Appellate Division, First Department, merely held that the failure to move within 20 days to strike would constitute a waiver of the defendant’s right to examine. It did not state that if the motion be made within 20 days it must be granted or that an examination must be allowed regardless of any other circumstances, as the defendant argues.
The other cases cited by the defendant are also inapposite. Two of them (Pizzigno v. Tretter, N. Y. L. J., Jan. 28, 1959, p. 14, col. 4; and Gillard v. Taylor, N. Y. L. J., Jan. 28, 1959, p. 14 col. 4) are concerned with applications by plaintiffs to file readiness statements with leave to complete examinations at a later date, pursuant to clause (b) of paragraph (9) of the Readiness Rule, and do not at all involve motions to strike. The other decisions, while granting examinations, do not state the basis for granting them. Thus, not a single authority cited stands for the illogical and fallacious proposition here urged.
I construe paragraph (a) of subdivision (3) as follows: Where a reasonable time has elapsed after the service of a bill of particulars and the defendant has failed to request the preliminary proceedings, the plaintiff is entitled to file his note of *785 issue and' statement of readiness. If the time lapse is so long that the defendant may be said to be guilty of laches in requesting any preliminary proceedings, a motion to strike will be denied unconditionally and the defendant foreclosed from such proceedings. What is reasonable must be viewed from all the circumstances, as I have indicated elsewhere (Breitbart v. Gerber, 14 Misc 2d 293; Ehlin v. Piccola, 14 Misc 2d 251; Kerner v. Schulman, 14 Misc 2d 259).
It has come to my attention that the defendant’s attorney has on numerous occasions employed the identical supporting affidavit on motions to strike. He has audaciously repeated the precise language and cited the same cases before me and other Justices, completely disregarding my analysis of his position and holding in Crespo v. Peters (20 Misc 2d 349). In the absence of any attempt on the part of said attorney to seek an appellate review of the latter case or of similar dispositions, he is, in my view, guilty of unbecoming professional conduct. To put it charitably, if his conduct is not contemptuous it certainly seems contumacious.
The cause not having been actually placed on the calendar, this motion to strike will be deemed an application for an order directing the Clerk of this court to reject the filing of a statement of readiness. It is denied, with $10 costs.